ANTHONY MACCHIA, BY ARSENIO MACCHIA, HIS NEXT FRIEND, AND ARENSION MACCHIA, PLAINTIFFS-RESPONDENTS, v. THE PENNSYLVANIA RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted May 5, 1931—Decided October 5, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Wall, Haight, Carey & Hartpence* (*William S. Shaw*, of counsel).

For the plaintiffs-respondents, *Joseph Rosthal* and *William L. Rae*.

PER CURIAM.

This is an appeal from a judgment for $2,750 in an action brought under the Federal Employers' Liability act.

The plaintiff operated a sand drier in the defendant's Greenville yard. The sand was used in the sand boxes of engines used in interstate commerce. He was under a duty to check in at eleven P. M. To get to the place of work he entered by Gates avenue past the yardmaster's house, and then two possible courses were open to him: he could cross the track or go through a tunnel about three hundred feet east of the place where the accident occurred.

The tunnel was marked and the men were warned by signs in English and Polish (plaintiff's language) not to cross the tracks but to use the tunnel. The plaintiff appears not to have known of the warnings and the tunnel, although he had worked in the yard for two months, so he waited for a standing freight, which was on one of the tracks between him and his place of work, to move, and when it did not move he started to climb over it, with the result that a sudden and unwarned movement removed some of the toes of his right foot.

Plaintiff's work partook of an interstate character. He was injured in the employer's yard by an unexpected and unwarned car movement. Instead of choosing the designated way by the tunnel, he chose to go across a standing train. This is simply a case of an employe on the employer's premises, on his way to work, taking not the course designated which was safe, but climbing between freight cars—a somewhat dangerous course to pursue.

The proofs, in their most favorable aspect, tend to show that the plaintiff did not know of the tunnel, and that other employes crossed the track. There were no proofs that there was a custom to pass over standing freight cars. Such cars would, of course, be subject to movement and although warnings might be given of an intended movement there is nothing to show that such warnings were intended for the guidance of employes climbing over the cars on their way

to work, since the proofs show that there was another and safe way provided.

When the employer provided a safe means to cross the tracks, in order that the employe might reach his work, the ignorance or indifference of the employe cannot impose liability upon the employer. Further, we think that employes who choose to disregard instructions and on their own initiative climb between freight cars when another means of reaching their place of work was provided, are not entitled to rely upon a custom to give warning of train movements. Of course, an employe engaged in working around or on the cars is entitled to rely upon such a custom. *McNally* v. *Pennsylvania Railroad,* 88 *N. J. L.* 277.

The judgment will be reversed.